**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

LEANNE MORTON and SUZANNE M. KELLER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

COSMED GROUP, INC.; IUVO BIOSCIENCE-ERIE, LLC; IUVO BIOSCIENCE OPERATIONS, LLC; SPICEY PARTNERS REAL ESTATE HOLDING, LLC; ERIE STERILIZATION REAL ESTATE, LLC; MOOG INC.; TARTAN HOLDINGS, LLC; BALCHEM CORPORATION; and JOHN DOE DEFENDANTS 1-25 (fictitious names describing presently unidentified entities),

Defendants.

Civil Action No. 1:24-CV-00251-CB

**DEFENDANT BALCHEM'S RESPONSE TO PLAINTIFFS' RESPONSE**
**TO THE COURT'S JUNE 16, 2025 ORDER TO SHOW CAUSE**

Defendant Balchem Corporation ("Balchem") met and conferred in good faith with Plaintiffs twice prior to filing a Motion to Dismiss Plaintiffs' Third Amended Complaint. Unfortunately, Plaintiffs have continued to provide an incomplete and misleading characterization of their discussions with Balchem during the second meet and confer. Following an initial meet and confer on April 3, 2025, in which the parties had an unproductive, high-level discussion regarding Plaintiffs' Third Amended Complaint, Balchem requested a second meet and confer the morning of May 19 to discuss specific deficiencies in several of Plaintiffs' claims. Decl. ¶¶ 3-5;

Exh. 1. Plaintiffs were initially responsive to the outreach and requested a meeting on May 20. Decl. ¶ 5; Exh. 2.

During the May 20 meet and confer, the parties discussed Plaintiffs' Gross Negligence Count and agreed it was not viable under Pennsylvania law. Decl. ¶ 6. The parties also discussed Plaintiffs' unjust enrichment claim, but could not reach an agreement on its viability. *Id*. Finally, the parties discussed the viability of Plaintiffs' Hazardous Sites Cleanup Act ("HSCA") claim and whether Plaintiffs intended to bring the claim against Balchem. Decl. ¶ 7. Plaintiffs stated that despite omitting mention of Balchem (or any party in the heading) they *intended* to bring the HSCA claim against Balchem and would amend the Complaint to add allegations against Balchem. *Id*. Plaintiffs specifically stated that they believed that Balchem was liable under the HSCA as a generator of waste. Balchem disagreed because EtO is sold by Balchem as a product, not a waste. *Id*. Plaintiffs verbally proposed, and then followed up by email, that the parties should stipulate that Plaintiffs would incorporate the Gross Negligence Count into the existing Negligence Count and would add Balchem to the HSCA Count at an unknown date in the future. Decl. ¶ 8; Exh. 3. Balchem declined to agree to Plaintiffs' proposal to file a stipulation and let Plaintiffs amend the Complaint at an unknown time, particularly to add non-viable claims against Balchem. *Id*. Balchem therefore proceeded with the filing of its Motion to Dismiss. Dkt. No. 71. On June 11, Plaintiffs filed a Cross-Motion for Leave to File an Amended Complaint and an Opposition to Balchem's Motion to Dimiss. Dkt. Nos. 75, 76.

Plaintiffs now attempt to cast blame on Balchem for refusing to agree to a stipulation inconsistent with the Court's rules and procedures in both their Opposition and their Response to the Order to Show Cause. Dkt. Nos. 75, 81. Balchem still does not understand Plaintiffs' position on the stipulation. Nonetheless, following Balchem's request that Plaintiffs simply amend their

Complaint before the parties proceeded into motion practice, they have now made notable factual changes to their Fourth Amended Complaint as well as removed or dismissed Balchem from the HSCA, Gross Negligence, and Negligent Design Defect Counts. Dkt. No. 80. Balchem's work in briefing these claims could have been avoided. Plaintiffs' decision to immediately moot Balchem's Motion to Dismiss will require Balchem to expend significant time filing a new motion to dismiss the Fourth Amended Complaint, which is no more viable than Plaintiffs' Third Amended Complaint, but now emphasizes different claims and theories. Decl. ¶ 10.

Unfortunately, Plaintiffs have shown a consistent disregard for this Court's Practices and Procedures and the Federal Rules of Civil Procedure. In addition to Plaintiffs' recent decision refusing to amend an admittedly-deficient Complaint, they also improperly sought third party discovery in late March in violation of Federal Rule of Civil Procedure 45(a)(4) and Rule 26(d)(1). Decl. ¶ 11; Exh. 4. Plaintiffs did not notify Defendants of these subpoenas, and they were only uncovered because one of the subpoenaed third parties contacted Defendants. Decl. ¶ 12. Defendants met and conferred with Plaintiffs, and the Plaintiffs subsequently withdrew the improperly served subpoenas without the necessity of Defendants seeking a protective order from the Court. *Id*.

Balchem believes that sanctions, including the full cost of their briefing the Motion to Dismiss the Third Amended Complaint, should be paid by Plaintiffs. At a minimum, Balchem requests sanctions in the amount of the cost of their meet and confer communications with Plaintiffs and briefing the HSCA, Negligent Design Defect, and Gross Negligence Counts that were mooted by Plaintiffs' late filing of the Fourth Amended Complaint.

Dated: June 19, 2025

Respectfully submitted,

*/s/ Matthew D. Thurlow*

Matthew D. Thurlow (DC 1008014, *pro hac vice*)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Phone: (202) 739-5895
Fax: (202) 739-3001
matthew.thurlow@morganlewis.com
*Attorney for Balchem Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2025, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF system.

*/s/ Matthew Thurlow*
Matthew Thurlow